[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS DATED NOVEMBER 17, 1994
On June 5, 1991 plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CCHRO") alleging that since December 15, 1991 and continuing to the date of said complaint the defendant, his employer, failed to give him an opportunity to be placed for full-time employment in violation of General Statutes § 46a-60.
On January 29, 1992 the CCHRO sent plaintiff a release of jurisdiction over the action and permission to sue the plaintiff in Superior Court. Plaintiff then filed a complaint dated January 31, 1991 in Superior Court.
On June 24, 1994 plaintiff filed another complaint with CCHRO claiming discrimination from 1992 to June 24, 1994. He claimed he had been discriminated against in violation of General Statutes § 46a-60(a)(4) because he had filed the earlier complaint. At or about the same time he filed a similar complaint with the Equal Employment Opportunity Commission ("EEOC"). CT Page 1761
Defendant has moved to dismiss the complaint dated January 24, 1994. It claims that the court lacks jurisdiction to hear this matter because plaintiff has not obtained a release from CCHRO as to the second complaint, and did not timely file the action pursuant to the release he obtained in January 1992. The court agrees that this cause of action was not timely filed pursuant to the January 1992 release. Further the court finds that the plaintiff has failed to obtain a release from CCHRO in regard to this new complaint. However, the Equal Employment Opportunity Commission has in fact granted the plaintiff the right to sue.
The defendant further claims that there is now another action pending between the same parties and for the same cause as that set forth in the complaint in this action.
The court finds that although the January 24, 1994 complaint appears to be similar to the complaint dated January 31, 1992, the later complaint refers to the complaint filed with EEOC, which adds an additional allegation of retaliation. Although the two cases should be consolidated, the motion to dismiss is denied.
Frances Allen State Judge Referee